```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
           FORT WORTH DIVISION

CHARLES WAYNE WOODBERRY,      §
                              §
VS.                           §  CIVIL ACTION NO.4:10-CV-472-Y
                              §
RICK THALER,                  §
Director, T.D.C.J.            §
Correctional Institutions Div., §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
    AND ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner Charles Wayne Woodberry under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 1, 2010; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 18, 2010.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, for the reasons stated in the magistrate judge's findings and conclusions.[1]

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

---

[1] Woodberry argues in his objections that he has "newly found evidence." Even if this allegation is construed as an argument that the limitations provisions commenced under the date on which a factual predicate could have been discovered under 28 U.S.C. § 2244(d)(1)(D), Woodberry has set forth no facts of what the evidence is, when it was discovered, or how it could relate to the limitations analysis. This objection is overruled for these additional reasons.

Petitioner Charles Wayne Woodberry's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Charles Wayne Woodberry has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons

---

[2] *See* FED. R. APP. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

stated in the November 1, 2010, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED November 24, 2010.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6]*See* FED. R. APP. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).